# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-110-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Mark Anthony Eggerson (1), and Keyeon Marquis Carson (2) Defendants. | |

This matter is before the Court on motions for discovery and disclosure filed by the government and Defendants Mark Anthony Eggerson and Keyeon Marquis Carson. The Court held a hearing on the motions on July 10, 2018. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.[1]

## 1. Government's Motion for Discovery (ECF 11)

The government's motion for discovery of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure is **GRANTED**. The defendants shall provide discovery and disclosures as required by the Fed. R. Crim. P. 16.

---

[1] The Court will separately issue a report and recommendation on Mr. Carson's Motion to Suppress (ECF No. 41) and Mr. Eggerson's Amended Motion to Suppress (ECf No. 53).

### 2. Mr. Carson's Motion for Disclosure of 404(b) Evidence (ECF No. 27)

Mr. Carson's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

### 3. Mr. Carson's Motions for Disclosure of Favorable Evidence (ECF Nos. 29, 34)

Mr. Carson's motions for disclosure of favorable evidence are **GRANTED**. The government is obligated to disclose evidence favorable to the defendants as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to the defendants.

### 4. Mr. Carson's Motion for Disclosure of Electronic Surveillance or Wiretapping Evidence (ECF No. 31)

Mr. Carson's motion for disclosure of electronic surveillance or wiretapping evidence is **DENIED AS MOOT**. The government has represented that no such evidence exists. If the government discovers at a later date that it has such evidence, it shall promptly inform Mr. Carson.

### 5. Mr. Carson's Motion for Disclosure of Expert Witnesses (ECF No. 32)

Mr. Carson's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial. Any expert disclosures to be made by Mr. Carson must be completed by **two weeks** before trial.

### 6. Mr. Carson's Motion for Discovery (ECF No. 33)

Mr. Carson's motion for discovery and inspection is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

### 7. Mr. Carson's Motion for Government Witness List (ECF No. 35)

Mr. Carson's motion for the government's witness list is **DENIED WITHOUT PREJUDICE** because it is premature.

### 8. Mr. Carson's Motion for Disclosure of Jencks Act Material (ECF No. 36)

Mr. Carson's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). The government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three days before trial.

9. **Mr. Carson's Motion for Severance, or, in the Alternative, to Join the Co-Defendant's Motions (ECF No. 37)**

Mr. Carson's motion for severance is **DENIED WITHOUT PREJUDICE**

because it is premature. Mr. Carson's motion in the alternative, to join Mr.

Eggerson's motions, is **DENIED.**

10. **Mr. Carson's Motion for Counsel to Participate in Voir Dire (ECF No. 38)**

Mr. Carson's motion for counsel to participate in voir dire is **DENIED**

**WITHOUT PREJUDICE** because it is premature. Judge Frank will consider Mr.

Carson's requests regarding voir dire during the pretrial conference in this matter.

11. **Mr. Carson's Motion to Retain Rough Notes (ECF No. 39)**

Mr. Carson's motion for government agents to retain rough notes is **GRANTED**.

Disclosure of rough notes is not required by this paragraph.

12. **Mr. Carson's Motion to Sequester Witnesses (ECF No. 40)**

Mr. Carson's motion to sequester witnesses is **DENIED WITHOUT**

**PREJUDICE** because it is premature.

13. **Mr. Caron's Motion for Leave to File Additional Pretrial Motions (ECF No. 42)**

Mr. Carson's motion for leave to file additional pretrial motions is **DENIED**

**WITHOUT PREJUDICE** because it is premature. Mr. Carson should file for leave

to file additional pretrial motions should additional motions become necessary.

## 14. Mr. Carson's Motion for Disclosure of Defendant's Statements (ECF No. 51)

Mr. Carson's motion for disclosure of defendant's statements is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

## 15. Mr. Eggerson's Motion for Disclosure of 404(b) Evidence (ECF No. 44)

Mr. Eggerson's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

## 16. Mr. Eggerson's Motion for Relesae of *Brady* and *Giglio* Materials (ECF No. 45)

Mr. Eggerson's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to the defendants as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Constitution places an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to the defendants.

## 17. Mr. Eggerson's Motion for Disclosure of Jencks Act Material (ECF No. 46)

Mr. Eggerson's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d

738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy").  The government is strongly encouraged to disclose any Jencks Act material as early as possible.  To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three days before trial.

### 18. Mr. Eggerson's Motion for Discovery of Expert under Rule 16(a)(1)(G) (ECF No. 47)

Mr. Eggerson's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial.  Any expert disclosures to be made by Mr. Carson must be completed by **two weeks** before trial.

### 19. Mr. Eggerson's Motion to Retain Rough Notes (ECF No. 48)

Mr. Eggerson's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this paragraph.

### 20. Mr. Eggerson's Motion for Leave to File an Amended Motion to Suppress (ECF No. 52)

Mr. Eggerson's motion for leave to file an amended motion to suppress is GRANTED.  The Court will consider the amended version of the motion (ECF No. 53), and the original (ECF No. 49) is deemed withdrawn.

Date:  July 11, 2018                      *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge