**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal. No. 18-110(1) (DWF/KMM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Mark Anthony Eggerson (1), | |
| Defendant. | |

This matter is before the Court upon Defendant Mark Anthony Eggerson's objections (Doc. No. 77) to Magistrate Judge Katherine M. Menendez's September 27, 2018 Report and Recommendation (Doc. No. 72) insofar as it recommends that Defendant Mark Anthony Eggerson's Amended Motion to Suppress Evidence from Search and Seizure be denied. Plaintiff United States of America filed a response to Defendant's objections on October 24, 2018. (Doc. No. 79.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant Mark Anthony Eggerson's objections. In the Report and Recommendation, Magistrate Judge Menendez concluded that suppression of the fruit of the March 16, 2017, search warrant is unnecessary under the good-faith exception to the exclusionary rule, and that, alternatively, the April 4, 2017, search warrant provided an independent lawful basis for the search of Defendant's phone. (Doc. No. 72 at 3.) Specifically, the Magistrate Judge concluded that the March 16, 2017, search warrant was sufficiently

particular because it listed items such as records, communications, and items that tend to show ownership of firearms among the list of items to be seized and cell phones to be searched. (*Id.* at 5.) The Magistrate Judge did not reach a conclusion regarding probable cause, but concluded that even if the March 16, 2017, search warrant was not based on an adequate showing of probable cause, the good-faith exception applies to the search. (*Id.* at 7 ("Mr. Eggerson has not argued that Investigator Mancuso made a false or misleading statement in his testimony; [the issuing judge] did not wholly abandon his judicial role; and there is no suggestion of facial deficiency.") (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)).) The Magistrate Judge also rejected Defendant's argument that the warrant was executed improperly because the government searched beyond the scope of the drug-investigation warrant by finding the firearm video. (*Id.* at 8-10.) Finally, the Magistrate Judge concluded that the April 4, 2017, search warrant provided an independent source for the search of Defendant's phone that led to the discovery of the video of Defendant allegedly firing assault rifles. (*Id.* at 10-11.)

Defendant objects to the Magistrate Judge's recommendation, arguing that the March 16, 2017, search warrant: (1) "is an impermissible general warrant not supported by probable cause"; (2) "does not state with particularity that only cell phones relevant to the drug investigation can be seized and searched"; (3) "does not state with particularity what areas of any seized cell phone can be searched"; and (4) "is overbroad in that it provides for the seizure and forensic examination of *any* cell phone seized, without establishing that the cell phone is tied to the crime being investigated, or to any person who is the subject of the investigation." (Doc. No. 77 at 4.) The Court disagrees and

2

adopts in full the Magistrate Judge's recommendation. The Court concludes, as did the Magistrate Judge, that even if the March 16, 2017, search warrant lacked probable cause, suppression is unnecessary because the good-faith exception applies. Specifically, there is no evidence that: (1) Investigator Mancuso made a false or misleading statement to the issuing judge; (2) the issuing judge "wholly abandoned his judicial role"; (3) the search warrant is so deficient as to render it unreasonable to believe that it is supported by probable cause; or (4) the search warrant is so deficient that no officer could reasonably presume it to be valid. *See United States v. Puckett*, 466 F.3d 626, 630 (8th Cir. 2006) (discussing the four circumstances where the good-faith exception does not apply). The Court further concludes, as did the Magistrate Judge, that the April 4, 2017, search warrant provided an independent source justifying the search. Specifically, the April 4, 2017, search warrant provided further information connecting Defendant's phone to the ongoing drug investigation.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After carefully considering Defendant's objections, the Court finds no reason that would warrant a departure from the Magistrate Judge's analysis and recommendation. Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.    Defendant Mark Anthony Eggerson's objections (Doc. No. [77]) to Magistrate Judge Katherine M. Menendez's September 27, 2018 Report and Recommendation are **OVERRULED**.

2.    Magistrate Judge Katherine M. Menendez's September 27, 2018 Report and Recommendation (Doc. No. [72]) is **ADOPTED**.

3.    Defendant Mark Anthony Eggerson's Amended Motion to Suppress (Doc. No. [53]) is **DENIED**.

Dated:  November 14, 2018        <u>s/Donovan W. Frank</u>
                                                 DONOVAN W. FRANK
                                                 United States District Judge