## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-110(1) (DWF/KMM) |
| | Civil No. 22-1737 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| Mark Anthony Eggerson, | **MEMORANDUM OPINION AND ORDER** |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Mark Anthony Eggerson's *pro se* motion to vacate under 28 U.S.C. § 2255. (Doc. No. 249.) The United States of America (the "Government") opposes the motion. (Doc. No. 256.) For the reasons set forth below, the Court respectfully denies Eggerson's motion.

## BACKGROUND

On May 15, 2019, a jury found Eggerson guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 121, 124.) At his first sentencing on December 6, 2019, the Court found that Eggerson qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA") and sentenced him to a 180-month prison term. (Doc. No. 165.) After the Eighth Circuit issued decisions impacting the applicability of the ACCA in Eggerson's case, the Court ordered resentencing. (Doc. No 225.) On August 25, 2023, Eggerson was resentenced without

the ACCA enhancement to time served and three years of supervised release. (Doc. No. 231.)

Following multiple violations of his supervised release conditions, Eggerson was sentenced to a prison term of one year and one day to be followed by 22 months of supervised release on January 4, 2024. (Doc. No. 248.) On May 28, 2024, Eggerson filed the pending motion to vacate, arguing that newly discovered evidence allows his conviction to be vacated, he is actually innocent, and § 922(g)(1) is unconstitutional. (Doc. No. 249.) At Eggerson's request, the Court held that motion in abeyance pending ruling from the Ninth Circuit in *United States v. Duarte*, Case. No. 22-50048. (Doc. No. 261.) Eggerson was released from custody and began his second term of supervised release on October 25, 2024. (*See* Doc. No. 268 at 2.) The Court lifted the stay on the pending motion to vacate on June 6, 2025, upon learning that the Ninth Circuit issued its ruling in *Duarte*. (Doc. No. 286.) Eggerson remains on supervised release at this time, although a warrant for his arrest has been issued. (*See* Doc. No. 293.)

## DISCUSSION

A federal prisoner[1] may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the

---

[1] Eggerson filed his motion while in prison, but being on supervised release is also sufficient to satisfy the "prisoner in custody" requirement of § 2255. *See Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (finding a § 2255 motion was not moot after the defendant had completed his prison term and supervised parole because the conviction could have collateral consequences and the motion was filed while the defendant was in custody).

United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Eggerson asserts three grounds for relief, all of which lack merit.

First, he seems to argue that newly discovered evidence allows the Court to vacate his sentence. Eggerson does not explain what that evidence is or why it would allow the Court to vacate his sentence. This argument is too conclusory. Second, he requests that the Court vacate his sentence based on actual innocence. Eggerson presents no evidence in support of this claim. Like the first, this argument is too conclusory. Lastly, Eggerson asserts that § 922(g)(1) is unconstitutional as applied to him because he is a non-violent felon. That argument was recently rejected by the Eighth Circuit in *United States v. Jackson*, 110 F.4th 1120, 1125-26, 1129 (8th Cir. 2024).[2] Thus, Eggerson's constitutionality argument lacks merit. In conclusion, Eggerson's three arguments are insufficient for relief under § 2255, so the Court denies his motion.

### EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*,

---

[2] Likewise, in *Duarte*, the Ninth Circuit, sitting en banc, held that "§ 922(g)(1) is not unconstitutional as applied to non-violent felons." *United States v. Duarte*, 137 F.4th 743, 748 (9th Cir. 2025) (en banc).

162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Eggerson's allegations and the record in this case, the Court concludes that no evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, no issue raised is debatable among reasonable jurists. Therefore, no COA shall be issued.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Mark Anthony Eggerson's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [249]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 10, 2025          s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge